**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE TRI STATE WATER RIGHTS LITIGATION | CASE NO. 3:07-MD-1-PAM |

**GEORGIA PARTIES' JOINT RESPONSE IN OPPOSITION TO JOINT MOTION TO ALTER PAGE LIMITS, SUBMIT FACTUAL APPENDICES, ALTER THE SCHEDULING ORDER, AND ESTABLISH UNIFORM CITATIONS ON PHASE 2 SUMMARY JUDGMENT BRIEFING**

The State of Georgia, the Atlanta Regional Commission, the City of Atlanta, Georgia, Fulton County, DeKalb County, the Cobb County-Marietta Water Authority, the City of Gainesville, Georgia, Gwinnett County, the City of Columbus, Georgia, and the Lake Lanier Association (collectively, the "Georgia Parties") provide the following response in opposition to the Joint Motion to Alter Page Limits, Submit Factual Appendices, Alter the Scheduling Order, and Establish Uniform Citations on Phase 2 Summary Judgment Briefing [Doc. 283] (the "Briefing Motion").

The Georgia Parties do not oppose the following requests in the Briefing Motion:

¶ 5(a) (regarding submission of the administrative record)

¶ 5(g) (incorporation by reference)

¶ 5(i) (uniform citation method)

The Georgia Parties oppose the remainder of the Briefing Motion for the reasons discussed herein, and instead propose the alternative set forth below.

The Federal Defendants have authorized the Georgia Parties to state that the Federal Defendants oppose the schedule and page limits proposed by Florida and Alabama and

1

support the proposal submitted by the Georgia Parties, but also maintain that it would be appropriate to resolve these cases on an alternative schedule that they will present in a separate response.

## GEORGIA PARTIES' PROPOSED SCHEDULE

**a. Administrative Record.** The Federal Defendants will submit the Phase 2 Administrative Record on a single DVD, if possible, with complete Bates labeling by November 6, 2009.

**b. Summary Judgment Briefs.**

(1) <u>Longer Briefs and Shorter Briefs</u>.  The "Florida Parties" (the State of Florida, the City of Apalachicola, and the Apalachicola Riverkeeper, if allowed to intervene); the "Georgia Parties" (the State of Georgia, the Water Supply Providers, Gwinnett County, Columbus, Georgia, and the Lake Lanier Association); and the "Alabama Parties" (the State of Alabama and Alabama Power Company) may file one summary judgment brief of up to 40 pages.  Parties who do not wish to join in the one 40-page brief allotted to their group, and the Southeastern Federal Power Customers, Inc. ("SeFPC")  may file separate briefs of up to 25 pages each.

(2) <u>Due dates</u>.  Summary judgment briefs will be due to the Court 30 days after the Administrative Record is filed.  If the record is filed on Nov. 6, 2009, as provided in paragraph (a) above, summary judgment briefs will be due on Dec. 9, 2009.

**c. Opposition Briefs**

(1)  <u>Page limits</u>.

(a) The Florida Parties, the Georgia Parties, and the Alabama Parties may each submit a single, consolidated opposition brief of up to 100 pages addressing all of the summary judgment motions (two-and-one-half times the 40-page limit for longer summary judgment briefs). The Florida, Georgia and Alabama Parties are not required to submit joint briefs, however, so long as the total number of opposition pages submitted by each group does not exceed 100 pages.

(b) SeFPC may file an opposition brief of not more than 50 pages.

(c) The Federal Defendants may file a single brief of up to 200 pages to oppose the other parties' summary judgment motions and to support its own cross-motion for summary judgment.

(2) Due dates. Intervenor-defendants may file briefs in opposition to the summary judgment motions 60 days after summary judgment briefs are due (Feb. 9). The Federal Defendants may submit a single, consolidated opposition brief 60 days after the intervenor-defendants' opposition briefs are filed.

If the court permits free-form fact appendices as proposed by Alabama and Florida, however, intervenor-defendants' opposition briefs will be due 90 days after motions for summary judgment are filed (Mar. 11).

**d. Consolidated Reply Briefs and Opposition to Cross-Motion for Summary Judgment.**

(1) Page limits. The page limit for any reply brief shall be equal to one-half the page limit for the summary judgment brief it supports. Reply briefs may also address arguments made by the Federal Defendants in support of their cross-motion for summary judgment.

(2) <u>Due date</u>.  Reply briefs in support of the motions for summary judgment shall be filed 30 days after the Federal Defendants have filed their brief.

**e. Incorporation by reference.**  Any party may incorporate portions of any brief filed by any other party.  Pages incorporated by reference shall not count toward the page limit of the referring brief.

**f. Statement of Uncontested Material Facts.**

(1) <u>Format</u>.  Each party moving for summary judgment may file a Statement of Uncontested Material Facts to accompany their brief.  The statement will not count toward the page limits for briefs, but the recitation of facts should be limited to those which counsel assert to be both "material" and "uncontested."  All factual assertions in the opening and reply briefs should include a citation to the Statement of Uncontested Material Facts.

(2) <u>Response</u>.  Parties opposing a motion for summary judgment may respond to the moving parties' Statement of Uncontested Material Facts and may also present a separate Statement of Contested Material Facts which the opposing parties contend defeat entry of summary judgment under Rule 56.  These statements will not count toward the page limits for briefs.

If the parties will be permitted to submit free-form, "unlimited" fact appendices as Alabama and Florida propose, however, such appendices should be limited to 50 pages in length.

**g. Uniform Citation Method.** The parties will cite to the Phase 2 Administrative Record as follows:

(1) Doc. No. 1, FWS AR Page 178-355 (FWS documents);

(2) GAII000001-112 (Georgia II documents);

(3) Doc. 1, 12726 (USACE Documents);

(4) Doc. 1, USACE PH 1 AR 11075-76 (USACE Documents).

## DISCUSSION

The Georgia Parties have two principal concerns with the proposal by Alabama and Florida: (1) the number of pages to be filed in support of and in opposition to summary judgment motions; and (2) the submission of unlimited "fact appendices." To address these concerns, without prejudicing the ability of any party to participate meaningfully, the Georgia Parties propose (1) to divide the parties into groups and impose page limits for each group; (2) to limit, but not eliminate, opposition briefs by intervenor-defendants; and (3) to require statements of fact to be presented in a Statement of Uncontested Material Facts.

**1. Party groupings.**

The Georgia Parties suggest that the Court recognize four groups of parties (plus the Federal Defendants) as defined in the proposed schedule.

**2. Page limits for summary judgment briefs.**

The Florida Parties, the Georgia Parties and the Alabama Parties should each be permitted to file one summary judgment brief not to exceed 40 pages, if they so choose. Parties who choose not to join in the one 40-page brief allotted to their group should be permitted to submit a separate brief not to exceed 25 pages. SeFPC should also be permitted to file a brief not to exceed 25 pages.

The Court should reject Alabama and Florida's proposal. That proposal would allow Florida to file a 75-page opening brief, all parties to file separate, unlimited "fact

appendices," and all parties to file separate oppositions to each summary judgment brief, with a page limit equal to the page limit for the summary judgment brief to which it responds. Parties would also be permitted to file not only reply briefs in support of their own motions for summary judgment, but also separate briefs in opposition to the Federal Defendants' cross-motion for summary judgment. This is unreasonable and excessive, and would generate more paper than this Court or any of the parties could reasonably be expected to absorb.

**3. Page limits for opposition briefs.**

To provide intervenor-defendants with a meaningful opportunity to participate without unduly burdening the Federal Defendants or the Court, the Georgia Parties suggest that each group be permitted a total number of pages to oppose the summary judgment motions filed by the other parties. The Georgia Parties respectfully submit that the proposed limit for the multi-party groups—two-and-a-half times the page limit for the longer summary judgment briefs—is the minimum required for meaningful participation given that, even with this proposal, the intervenor-defendants would have just 100 pages to respond to as many as 225 pages filed in support of the motions for summary judgment they oppose.

The Georgia Parties further submit that this alternative is preferable to the one that they understand may be suggested by the Federal Defendants. Specifically, the Georgia Parties understand that the Federal Defendants may suggest that each intervenor should be permitted to file either a summary judgment brief or an opposition brief, but not both. This would be fundamentally unfair and unworkable, however, as it ignores the reality that the parties are aligned differently in the different cases. For example, some of the Georgia

Parties are aligned as plaintiffs in Georgia II but as defendants in Florida and Alabama. The Georgia Parties are entitled to file a summary judgment brief in support of their claims in Georgia II, and they are also entitled to file opposition briefs in their role as intervenor-defendants in the other cases.

The Federal Defendants' alternative approach would effectively deprive the Georgia Parties of the opportunity to respond to the arguments made by others in their summary judgment briefs. The Georgia Parties' arguments in defense of Florida and of Alabama cannot be presented until after the plaintiffs in those cases have filed their motions for summary judgment. To deny the Georgia Parties and others the opportunity to respond to plaintiffs' summary judgment briefs would deny them the opportunity to participate as intervenor-defendants. Therefore the Georgia Parties urge the Court to reject the Federal Defendants' unworkable proposal in favor of the compromise set forth in this motion.

### 4. The Federal Defendants' brief.

The Federal Defendants have also suggested that they might need to respond to opposition briefs submitted by the other parties. To accommodate the Federal Defendants' concern without prejudicing the intervenor-defendants' ability to participate, the Georgia Parties suggest that the Federal Defendants be permitted to file its brief 60 days after the intervenor-defendants' opposition briefs are due. The Georgia Parties understand that the Federal Defendants plan to request 200 pages for their brief, and that is acceptable to the Georgia Parties.

**5. Fact appendices.**

The Georgia Parties oppose the submission of "factual appendices" in the free form suggested by Alabama and Florida. Instead, the Georgia Parties submit that any "factual appendix" accompanying a motion for summary judgment should take the form of a "statement of uncontested material facts." This format has been adopted by many federal courts. It assists both the parties and the Court by focusing attention on the applicable legal standard under Rule 56, which requires the moving party to show that judgment can be entered as a matter of law based on uncontested facts. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

As between allowing a free-form "fact appendix" and a "statement of uncontested material facts," the central question is whether counsel should be enjoined to limit their factual assertions to those that counsel contend are "factual," as opposed to argumentative, "material" and "uncontested." The Georgia Parties submit that argumentative, immaterial and contested factual assertions should not be allowed. Not only are they irrelevant to a motion for summary judgment, they also impose a tremendous burden upon the opposing parties, who have no choice but to evaluate, verify, and respond to each and every assertion lest any erroneous assertions be deemed to be admitted. This is exactly what happened in Phase 1 of this litigation, when the fact appendix presented by Alabama and Florida weighed in at 369 pages and over 1,200 numbered paragraphs in length. It contained contested facts, opinion testimony, legal argument, and in some cases factual assertions that were not supported by any citation to the record. Approximately 500 of the 1,200 numbered paragraphs were never referenced in Alabama and Florida's brief. Nevertheless, the

opposing parties were forced to spend literally hundreds of hours checking and responding to irrelevant, immaterial assertions, as well as assertions that were clearly contested.

The Georgia Parties submit that such excesses can be avoided—without imposing arbitrary page limitations—if fact appendices are limited to facts that counsel assert are both "material" and "uncontested." A requirement to present fact appendices in the form of a statement of uncontested material facts, as is common practice in federal courts, would convey this expectation and thus impose necessary discipline upon all parties. If the Court overrules the Georgia Parties' objections to the submission of free-form fact appendices, however, the Georgia Parties request that such appendices be limited to 50 pages.

### 6. Due dates.

The Georgia Parties generally concur in the due dates proposed by Alabama and Florida, with two important exceptions. The first is the proposal to allow the Federal Defendants to file after the intervenor-defendants, as described above. The other is tied to the form of the fact appendix. Based on past experience, 60 days would not provide sufficient time for the Georgia Parties to review and respond to a free-form fact appendix of the type suggested by Alabama and Florida. This is especially true in light of the fact that the 60-day period between opening briefs and opposition briefs will include the December-January holidays. 90 days would be required at a minimum. Therefore, the Georgia Parties concur that 60 days should be allowed for opposition briefs, if but only if, factual assertions are required to take the form of a statement of uncontested material facts. If the Court overrules the Georgia Parties' opposition to the submission of such material, however, the

Georgia Parties request in the alternative that the interval between opening and opposing briefs be extended from 60 days to 90 days.

## CONCLUSION

In summary, the Georgia Parties believe the briefing schedule described above represents a fair and efficient means of resolving the Phase 2 claims. Accordingly, the Georgia Parties submit that the Briefing Motion presented by Alabama and Florida should be denied and that the Georgia Parties' compromise proposal should be entered instead.

Respectfully submitted this 27th day of October, 2009.

         THURBERT E. BAKER
          Georgia Bar No. 033887
         Attorney General
         Robert S. Bomar
          Georgia Bar No. 066400
         Deputy Attorney General
         Isaac Byrd
          Georgia Bar No. 101150
         Deputy Attorney General

         /s/ R. Todd Silliman
         Bruce P. Brown
          Georgia Bar No. 064460
         R. Todd Silliman
          Georgia Bar No. 646005
         John C. Allen
          Georgia Bar No. 159073

         MCKENNA LONG & ALDRIDGE, LLP
         303 Peachtree Street, N.E.
         Suite 5300
         Atlanta, Georgia 30308
         Phone: (404) 527-4000
         Fax: (404) 527-4198

         *Attorneys for the State of Georgia*

         /s/ Lewis B. Jones
         Lewis B. Jones
          Georgia Bar No. 042498
         Patricia T. Barmeyer
          Georgia Bar No. 038500
         King & Spalding LLP
         1180 Peachtree Street
         Atlanta, GA 30309
         Phone: (404) 572-4600
         Fax: (404) 572-5100

         *Attorneys for the Atlanta Regional*
         *Commission, the City of Atlanta, Georgia,*
         *Fulton County, Cobb County-Marietta Water*
         *Authority, DeKalb County, and the City of*

*Gainesville, Georgia*

/s/ Clyde Y. Morris
Clyde Y. Morris
  Georgia Bar No. 523725

Clyde Y. Morris, LLC
2375 Whippoorwill Lane
Gainesville, Georgia 30501
Phone: (404) 403-4625
Fax: (678) 943-1817

*Attorney for Lake Lanier Association*

/s/ William M. Droze
William M. Droze
  Georgia. Bar No. 231039
Gregory W. Blount
  Georgia. Bar No. 064375
Natalie D. Sacha
  Georgia Bar No. 558276

TROUTMAN SANDERS
Bank of America Plaza
600 Peachtree Street, N.E.
Suite 5200
Atlanta, Georgia 30308
(404) 885-3000 (T)
(404) 885-3900 (F)

*Attorneys for Gwinnett County, Georgia*

/s/ Lee A. DeHihns, III
Lee A. DeHihns, III
Georgia Bar No. 216259
Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
E-mail: *lee.dehihns@alston.com*

*Attorney for The City of Columbus, Georgia,*

12

*and The Board of Water Commissioners of
Columbus, Georgia, d/b/a Columbus Water
Works*

**CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of October, 2009, the foregoing Georgia Parties' Joint RESPONSE in Opposition to Joint Motion to Alter Page Limits, submit factual appendices, alter the scheduling order, and establish uniform citations on Phase 2 summary judgment briefing was filed with the Clerk of the Court using the CM/ECF system.

/s/ R. Todd Silliman<br>
Counsel for the State of Georgia